UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | NUMBER |
| **CHESTER JOHN CASKEY, JR.** | **98-12739** |
| DEBTOR | CHAPTER 7 |
| | |
| **CAROL BEAN CASKEY** | ADV. NUMBER |
| PLAINTIFF | **98-1085** |
| V. | |
| **CHESTER JOHN CASKEY, JR.** | |
| DEFENDANT | |

## MEMORANDUM OPINION

Defendant Chester John Caskey ("Caskey") moves pursuant to Fed. R. Civ. P. 59[1] to alter or amend the Court's May 1, 2002 judgment to reduce damages awarded to the plaintiff, his ex-wife Carol Caskey ("Ms. Caskey"). Caskey argues that because Ms. Caskey signed a quitclaim deed after trial but before judgment, she lost or relinquished her interest in his former law practices, and as a

---

[1] The appropriate authority for the relief plaintiff seeks is Fed. R. Bankr. P. 9023, which makes Fed. R. Civ. P. 59 applicable to this adversary proceeding. For convenience, the opinion will refer to Rule 59. Caskey also sought judgment on the pleadings under Fed. R. Civ. P. 12 (c), which is inapplicable at this stage of the proceeding.

result, no longer is entitled to recover the $120,000 awarded to her in the May 1 judgment.[2]

The Court will deny the motion for reasons set forth in this opinion.

## FACTS[3]

Former Bankruptcy Judge Louis Phillips heard this case on November 8, 1999. Shortly after trial, while the case was under submission, Caskey and other parties participating in state court liquidation proceedings involving his former law practices entered into an agreement styled "Interim Consent Order for the Disposition of Certain Claims, the Preservation of Assets and the Prospective Disposition of Future Claims of Creditors." This Liquidation Consent Order, as the Court will hereafter refer to it, was signed by the state court trial judge on December 23, 1999. Caskey signed the form of consent order on his own behalf and also as a member of Caskey & Burley, L.L.C.

After the trial, Ms. Caskey signed a quitclaim deed ("Quitclaim") transferring to John Caskey's former law partner, Brent Burley, all right, title and interest arising out of any community property interest Ms. Caskey may have had in the three law firms.

Caskey did not bring the Liquidation Consent Order and Quitclaim to this Court's attention until May 13, 2002, when he filed the instant motion.

---

[2] Caskey initially also complained of the $11,748.87 awarded to Ms. Caskey in the judgment. *See* Motion for New Trial, ¶9. He apparently rethought that aspect of the motion, and his Supplemental Memorandum states that Caskey does not challenge that aspect of the May 1, 2002 judgment. *See* Supplemental Memorandum at 5 n.5. Accordingly, the award of $120,000 is the only part of the judgment from which Caskey now seeks relief.

[3] The facts are drawn from the parties' briefs and the following evidence admitted at the hearing on the motion for new trial: the Liquidation Consent Order; the Quitclaim; an October 16, 2000 letter from Caskey to trustee Dwayne Murray; a February 10, 2000 Disbursement Memorandum from Burley; and Ms. Caskey's Proof of Claim.

On May 1, 2002, the last day of Judge Phillips's term, the Court issued its Reasons for Judgment and Judgment. Caskey timely filed a motion for a new trial, or alternatively, to open the judgment for additional evidence or to amend the judgment. Caskey's motion cited no procedural authority for the relief he sought. However, his post-argument supplemental memorandum clarified that Caskey seeks relief under Rule 59(e), because he relies on evidence that came into existence after trial, but before the Court rendered judgment. The motion is based on a number of vaguely phrased grounds, all of which rest on his former wife's execution of the Quitclaim.

### RELIEF SOUGHT

Caskey belatedly concedes in his Supplemental Memorandum that he is not entitled to relief under Fed. R. Civ. P. 59(a), because the evidence on which he relies – the Quitclaim – did not exist at the time of trial. *Waltman v. International Paper Co.,* 875 F.2d 468, 473-474 (5th Cir. 1989); *National Labor Relations Board v. Decker,* 569 F.2d 357, 363-4 (5th Cir. 1978) (for purposes of motion for new trial, newly discovered evidence must have existed at time of trial, but not be discovered until after trial, by a mover that was excusably ignorant of the evidence at the time of trial). Were the rule construed otherwise, trials would never end.

Instead, Caskey urges that he is eligible for relief under Rule 59(e) on the basis of his post-trial discovery of the Quitclaim. To be entitled to that relief, Caskey has the burden of proving that the newly-discovered evidence was material, and that he has acted diligently in bringing it to the Court. He has done neither.

First, the Quitclaim must be material. *Waltman,* 875 F.2d at 473-474; 12 Moore's Federal Practice §59.30[5][a][iii] (Matthew Bender 3d ed.). It was not material for several reasons.

3

(1).  <u>Ms. Caskey did not Quitclaim her Right to Recover for Damages</u>.

Caskey reasons that in signing the quitclaim, Ms. Caskey gave up any right she had in connection with his former law firms.  From this, he argues that Ms. Caskey no longer is entitled to recover from him on the judgment.  His reasoning mistakes the effect of the judgment.

The May 1, 2002 Reasons for Judgment made plain that the interests in the law partnerships were being liquidated through state court dissolution proceedings, and that they "will generate what they will generate."  May 1, 2002 Reasons for Judgment at 4.  Obviously therefore the value of the firms after their asserts were applied to paying the firms' own creditors was not decided.  Indeed, the Court specifically made no award for any value remaining in the law firm entities.  *Id.* at 5.  Thus, the judgment did not award Ms. Caskey any sums on account of her interests in the law firms.  Instead, it quantified at $120,000 Ms. Caskey's one-half interest in value of the firms for which Caskey had not given her an accounting.  That award was made first against Caskey's residual interest in the former community property, and second against him personally.  *Id.*

Caskey has not shown that his former wife conveyed to Burley her interest in the claim for one half of the value of the firms for which Caskey did not account to her.

(2).  <u>The Quitclaim is Not a Stipulation Pour Autrui.</u>

Caskey also asserts that the Quitclaim is a *stipulation pour autrui* of which he is a third party beneficiary.  The argument is frivolous.

Louisiana Civil Code article 1978 provides in part that "[a] contracting party may stipulate a benefit for a third person called a third party beneficiary."  However, a *stipulation pour autrui* is never presumed, but requires proof of the contracting parties' intent to stipulate a benefit in

4

favor of a third party. *Paul v. Louisiana State Employees' Group Benefit Program,* 762 So.2d 136, 140 (La. App. 1st Cir. 2000) (citations omitted) (*stipulation pour autrui* is never presumed, and requires that contracting parties' intent to stipulate a benefit in favor of a third party be made "manifestly clear"); *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 467 (5th Cir.) (*en banc*), *cert. denied sub nom. Morial v. United Gas Pipe Line Co.*, 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984) (*stipulation pour autrui* exists only when contract *clearly* contemplates the benefit to the third person as its condition or consideration) (citations omitted).

A party alleging existence of an obligation pursuant to a *stipulation pour autrui* has the burden of proving the existence of the agreement and that it intended to confer a benefit on the third party. *See Paul*, 762 So.2d at 140.  Caskey offered no evidence to support his contention that either party to the Quitclaim intended to confer a benefit on him.  Moreover, the Quitclaim itself contains no "manifestly clear" statement of the parties' intent to confer a benefit on  Caskey.  Accordingly, Caskey has failed to carry his burden of proving that he is a third party beneficiary of the agreement.

### (3)  Even if the Quitclaim is the Sale of a Litigious Right, Caskey Failed to Act to Redeem it Timely.

Caskey also argues that the Quitclaim is the sale of a litigious right under Louisiana Civil Code article 2652.[4]  The sale of a litigious right entitles the obligor to extinguish the obligation by paying to the assignee the amount, with interest, the assignee paid for the right.

Caskey suggests that he could pay the assignee, Brent Burley, the amount that Burley

---

[4] Article 2652 provides in relevant part that "when a litigious right is assigned, the debtor may extinguish his obligation by paying to the assignee the price the assignee paid for the assignment, with interest from the time of the assignment."

5

paid for the right, and be relieved from the obligation. Caskey bootstraps from this position to argue that, because Ms. Caskey assigned whatever right she may have had in the law partnerships to Burley by means of the Quitclaim, Caskey now is entitled to a complete release of his obligation to Ms. Caskey under the May 1, 2002 judgment, relying on Burley's release of claims against Caskey in the Liquidation Consent Order.

Assuming without finding that the Quitclaim is a litigious right, Caskey failed to promptly act to redeem it, and therefore now is barred from doing so.

A party seeking to redeem a litigious right must act promptly. Although the Civil Code article contains no deadline for exercising the right of redemption, it must be done promptly. *Clement v. Sneed Brothers*, 238 La. 614, 116 So.2d 269 (La. 1959) (party must be reasonably prompt when seeking to redeem litigious right); *Martin Energy Co. v. Bourne*, 598 So.2d 1160, 1163 (La. App. 1st Cir. 1992) (debtor should promptly exercise redemption). *See also* comments (b) and (c) to Louisiana Civil Code Article 2652.

Caskey cannot dispute that he knew of the Quitclaim well before October 16, 2000, the date of his letter to the trustee concerning the "discovery" of the Quitclaim. In fact, the October 16 letter itself recites that Caskey knew of the Quitclaim in the "early spring" of 2000. Despite this, Caskey took no step to redeem the alleged assignment, or even to bring the Quitclaim to the Court's attention, until he filed this motion in May 2002. Thus, more than two years passed from the date Caskey was on notice of facts that should have caused him to make his claim under article 2652, or at least to supplement the record in this case to bring the Quitclaim to this Court's attention. Caskey offered no justification for his delay in acting to seek a ruling disposing of his former wife's claims

6

against him (a ruling described in his October 16, 2000 letter as "critical"), and the Court declines to speculate about Caskey's reasons for delaying.[5]  Regardless, Caskey cannot plausibly argue at this late date that he was diligent in pursuing his theory of redemption of a litigious right.  Accordingly, his delay in asserting a claim under Louisiana Civil Code article 2652 defeats any right he may have to redeem the alleged litigious right.

For these reasons, Caskey did not carry his burden of proving that the Quitclaim was material.

To obtain relief under Rule 59(e), Caskey also must have exercised due diligence in pursuing the relief. *Matador Petroleum Co. v. St. Paul Surplus Lines Ins. Co.,* 174 F.3d 653, 658 n.1 (5th Cir. 1999) (mover's failure to explain why allegedly newly-discovered evidence was not presented prior to granting of judgment is valid basis for denying Rule 59(e) motion); *Buder v. Fiske,* 174 F.2d 260 (8th Cir. 1949) (lack of diligence in seeking relief bars Rule 59 relief).

Caskey has offered no plausible explanation for his delay in bringing the existence of the Quitclaim to the Court's attention for nearly two years.  His procrastination bars the relief he seeks under Rule 59(e). *Matador Petroleum Co.,* 174 F.3d at 658 n.1; *Russ v. International Paper Co.*, 943 F.2d 589 (5th Cir. 1991) (upholding trial court's denial of relief under Rule 59(e) where evidence was available prior to entry of summary judgment, but mover failed without excuse to submit evidence

---

[5]  Caskey has not claimed as justification for his inaction, and in good faith cannot claim, that he relied on the trustee.  Caskey personally stood to benefit from his success on the theories described in the October 16, 2000 letter and later advanced in support of his Rule 59 motion.  Accordingly, he himself should have brought the matters to the Court's attention.

to court).

## CONCLUSION

For all of the above reasons, Caskey is not entitled to relief under Rule 59(e). By separate order the Court will deny his motion.

Baton Rouge, Louisiana, January 10, 2003.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE